**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ERNEST GUARDADO,<br><br>            Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA *ex rel*, *et al.*,<br><br>            Defendants. | 2:17-cv-01072-JAD-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION FOR CLARIFICATION [ECF NO. 17], MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER [ECF NOS. 18, 19], MOTION FOR JOINDER [ECF NO. 33], MOTION FOR RULING [ECF NO. 40] |

Before the Court is Plaintiff Ernest Guardado's Motion for Clarification and/or in the Alternative Motion for Notice of Service (ECF No. 17), Notice and/or Request for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 18, 19),[1] Motion for Joinder (ECF No. 33), and Motion for Ruling on Motion for Clarification (ECF No. 40). For the reasons discussed below, Plaintiff's motion for clarification and ruling (ECF Nos. 17 and 40) should be granted and his motions for preliminary injunction, temporary restraining order, and joinder (ECF Nos. 18, 19, 33) should be denied.

**MOTION FOR CLARIFICATION AND RULING**

The Court screened Plaintiff's complaint on May 9, 2018. (ECF No. 5). In the body of the Order, the Court stated that Plaintiff "has pled a viable First Amendment retaliation claim against Bryant and Guice" and "has stated a colorable claim of supervisory liability against Neven, Williams, Tristan,

---

[1] The Court notes that there is another pending Request for Preliminary Injunction (ECF No. 47) that overlaps with many of the arguments raised in the Request for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 18, 19) that the Court is currently ruling on. The Court will not address any facts or legal arguments made specifically in ECF No. 47, as the time to respond to that motion has not passed. The Court is only ruling on the arguments raised in ECF Nos. 18 and 19 at this time.

1

Dzurenda, Filson, Plumlee, and Thompson." (*Id.* at 7, 12). However, the Conclusion of the Order only states that "[t]his case will proceed on Guardado's First Amendment retaliation claim against only defendants Guice and Bryant. All other claims against all other defendants are dismissed without prejudice unless otherwise stated in this order." (*Id.* at 13; *see also* ECF No. 7).

Plaintiff now moves for clarification of the Court's screening order. (ECF No. 17, 40). Plaintiff has contacted counsel for Defendants, and there is confusion regarding whether Plaintiff's supervisory liability claim survived the Court's screening. (ECF No. 17 at 2).

In its screening Order, the Court held that Plaintiff "has stated a colorable claim of supervisory liability against Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson." (ECF No. 5 at 12). The Conclusion of the Order overlooked the supervisory liability claim when listing the claims that would proceed. (*Id.* at 13). Therefore, the Court should grant Plaintiff's motion for clarification and ruling (ECF Nos. 17, 40) and issue an Order (1) stating that Plaintiff's supervisory liability against Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson will proceed in this case and (2) directing the Attorney General's Office to advise the Court whether it will enter a limited notice of appearance on behalf of all Defendants in the case.

**MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RETRAINING ORDER**

Plaintiff asserts that the law librarians at High Desert State Prison, where Plaintiff is incarcerated, will not allow Plaintiff to make copies of other inmates' affidavits that support Plaintiff's case. (ECF No. 18 at 1-2). Plaintiff asks for an order "enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them from preventing plaintiff from making copies of affidavits and declarations of inmates who have been witnesses to plaintiff's claims." (*Id.* at 1). Plaintiff argues that the policy against copies will make him unable to provide the Court or Defendants with evidence in opposition to a motion for summary judgment. (*Id.* at 3-4). No motion for summary judgment has been filed by Defendants, and it does not appear that any motion is

imminent. Defendants argue that injunctive relief is not appropriate against non-parties and injunctive relief is not justified in this case. (ECF No. 22 at 3-6).

Plaintiff is seeking to use a preliminary injunction and temporary restraining order beyond their intended purpose. Injunctions and retraining orders are binding on the parties, their agents, and "persons who are in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2). The High Desert State Prison law librarians are not parties in this case or any parties' agents. Injunctions and restraining orders are meant to preserve the status quo or positions of the parties on a short-term basis pending the final outcome of an issue. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974); *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Plaintiff's motion is asking the Court to overturn a law library policy. This would not maintain the status quo.

In addition, Plaintiff has failed to establish the possibility of an irreparable injury or to show the balance of hardships tips in his favor. *Roe v. Anderson*, 134 F.3d 1400, 1402 (9th Cir. 1998), *aff'd sub nom. Saenz v. Roe*, 526 U.S. 489 (1999). There is no pending motion for summary judgment, nor does one appear to be imminent. Plaintiff has the originals of the affidavits he asserts support his case, and it is not clear why the inability to make copies of them would prejudice his ability to pursue his case.

Therefore, the Court should deny Plaintiff's motions for preliminary injunction and restraining order. (ECF Nos. 18, 19).

## MOTION FOR JOINDER

Plaintiff moves to consolidate his case with a case filed by Curtis Brady, 2:17-cv-02534-JAD-CWH. (ECF No. 33 at 1). Plaintiff argues that the complaints in the two cases are identical because he and Brady were cellmates during the incidents at issue, and consolidating the cases would expedite matters. (*Id.* at 3). In response, Defendants argue that Plaintiff and Brady's complaints had different claims survive the Court's screening and they "have not demonstrated that there will be a unison of voice

when it comes to litigation decisions." (ECF No. 36 at 2-3). In his reply, Plaintiff asserts that "Brady has a very limited education and no understanding of the legal system. Plaintiff has and continues to assist Brady in the filing of pleadings and motions." (ECF No. 38 at 3). Plaintiff also states that "[s]hould this Court choose to appoint counsel, counsel would be able to represent both Plaintiff and Brady." (*Id.*).

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "If the court determines that common questions are present it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Hadel v. Willis Roof Consulting, Inc.*, No. 2:06-cv-01032-RLH, 2011 WL 484289, at *1 (D. Nev. Feb. 7, 2011) (citing *Huene v. United States,* 743 F.2d 703, 704 (9th Cir.1984)). "[C]onsolidation under Rule 42(a) is a matter committed to the district court's broad discretion." *Brown v. Tromba*, No. 2:17-cv-02396-APG-PAL, 2018 WL 2292526, at *3 (D. Nev. May 17, 2018) (citing *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008)).

Plaintiff's and Brady's complaints do present some common questions of law and fact. (*Compare* ECF No. 6 *with* 2:17-cv-02534, ECF No. 6). However, the complaints are not identical, as Plaintiff asserts. In addition, the Court's screening Orders in each case have further separated the parties' claims. Plaintiff "has pled a viable First Amendment retaliation claim against Bryant and Guice" and "has stated a colorable claim of supervisory liability against Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson." (2:17-cv-1072, ECF No. 5 at 7, 12). Brady's case is proceeding on the following claims:

- The First Amendment retaliation claim against Barron, Bryant, George, Guice, and Oliver;
- The Eighth Amendment excessive-force claim against Guice; and
- The Eighth Amendment deliberate-indifference-to-inmate-safety claim against Oliver and Faliszek.

(2:17-cv-02534, ECF No. 5 at 11).

In this case, the potential for inconvenience, delay, confusion, or prejudice outweighs the possibility of savings of time and effort. Plaintiff and Brady are pursuing different claims against different Defendants. They will require different evidence to support and try their claims. The Court is also concerned with the degree of control Plaintiff could potentially obtain over Brady's case. Though Plaintiff is admittedly already assisting Brady with his case (ECF No. 38 at 3), Plaintiff is not an attorney and cannot represent Brady before the Court. Consolidating their cases could create a concern regarding Brady's control over his own claims. While Plaintiff mentions the possibility of Court appointing counsel to represent both Plaintiff and Brady (*Id.*), there is no pending motion to appoint counsel in either Plaintiff or Brady's case.

Therefore, the Court should deny Plaintiff's motion for joinder. (ECF No. 33).

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Clarification and/or in the Alternative Motion for Notice of Service (ECF No. 17) and Motion for Ruling on Motion for Clarification (ECF No. 40) be GRANTED. The Court should issue an Order (1) stating that Plaintiff's supervisory liability against Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson will proceed in this case and (2) directing the Attorney General's Office to advise the Court whether it will enter a limited notice of appearance on behalf of all Defendants in the case.

IT IS FURTHER RECOMMENDED that Plaintiff's Notice and/or Request for Preliminary Injunction and Temporary Restraining Order (ECF Nos. 18, 19) be DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Joinder (ECF No. 33) be DENIED.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 2nd day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE