# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

ERNEST GUARDADO,

        Plaintiff,

vs.

STATE OF NEVADA *ex rel*, *et al.*,

        Defendants.

2:17-cv-01072-JAD-VCF

**ORDER AND REPORT AND RECOMMENDATION**

MOTION TO COMPEL [ECF NO. 41], MOTION TO PRODUCE [ECF NO. 45], REQUEST FOR PRELIMINARY INJUNCTION [ECF NO. 47]

Before the Court is Plaintiff Ernest Guardado's Motion for an Order Compelling Discovery (ECF No. 41), Motion for Order on Defendants to Produce Information on Defendant Barron (ECF No. 45), and Notice to the Court and/or in the Alternative Request for Preliminary Injunction (ECF No. 47). For the reasons discussed below, Plaintiff's motions to compel and produce (ECF Nos. 41 and 45) are denied. Plaintiff's request for preliminary injunction (ECF No. 47) should be denied without prejudice at this time to allow the parties to work together towards a solution.

## MOTION TO COMPEL

Plaintiff, an inmate, sent a request for production of documents on January 21, 2019. (ECF No. 41 at 4). On February 26, 2019, Plaintiff, having received no response, sent a letter for a meet and confer. (*Id.*). On March 2, 2019, Plaintiff received a response dated February 25, 2019 that objected to the discovery requests and provided one document. (*Id.* at 4-5; ECF No. 48-1). On March 3, 2019, Plaintiff sent a reply stating that the response was untimely and Defendants had seven days to produce the requested documents. (ECF No. 41 at 5). Plaintiff did not receive a response, and filed his motion to compel on March 13, 2019. (*Id.*).

1

A party to whom a discovery request is directed must respond within 30 days. Fed. R. Civ. P. 34(b)(2)(A). However, when service of a documents is made by mail, "3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d). "[I]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

Plaintiff sent his discovery requests on January 21, 2019. The 30-day deadline ended on February 20, 2019. However, Plaintiff served his discovery requests by mail, which added an additional three days for Defendants to respond. February 23, 2019 fell on a Saturday, so the deadline extended to the first business day following that Saturday—February 25, 2019. Defendants sent their objections on February 25, 2019, though they were not received until later. Thus, Defendants' objections to Plaintiff's discovery requests were timely.

Plaintiff's motion to compel does not address the substance of Defendants' objections, as Plaintiff asserts they were untimely and, therefore, waived. (ECF No. 41 at 5). Therefore, Plaintiff's motion to compel is denied.

## MOTION TO PRODUCE

Plaintiff's complaint lists Correctional Officer Barron as a Defendant. (ECF No. 6 at 4). However, the Court dismissed Plaintiff's claim against Barron in a previous Screening Order. (ECF No. 5 at 7). Plaintiff requests "that this Court order Defendants to produce the required information on Defendant Barron in order to effect service." (ECF No. 45 at 2). Because Barron is no longer a Defendant in this case, Defendants are not required to produce any information in order to effect service. Therefore, Plaintiff's motion to produce is denied.

## REQUEST FOR PRELIMINARY INJUNCTION

Plaintiff asserts that High Desert State Prison has refused to allow Plaintiff to obtain copies of witness affidavits despite Warden Williams writing that, after consulting with the Attorney General's

Office, copying would be allowed. (ECF No. 47 at 2, 6). Plaintiff request a preliminary injunction prohibiting High Desert State Prison from preventing Plaintiff from copying his affidavits. (*Id.* at 4). In response, Deputy Attorney General Henry Kim "represents to the Court that he will work with the High Desert State Prison (HDSP) staff members to allow inmate Guardado to make copies of the affidavits." (ECF No. 50 at 2-3).

The parties appear to be in agreement that Plaintiff should be permitted to make copies of his affidavits. Counsel for Defendants is willing to assist Plaintiff in this process. It would be more efficient for the parties to resolve the issue among themselves rather than have the Court intervene through the injunction procedure. *See* Fed. R. Civ. P. 65. Therefore, I recommend denying Plaintiff's request for a preliminary injunction without prejudice. The report and recommendation process will allow Plaintiff the opportunity to object should the parties be unable to resolve the copying issue by themselves. However, should Plaintiff object, the Court notes that any injunction would have to be issued against the law librarians at High Desert State Prison, who are not currently parties to this action. Before issuing a temporary injunction, the Court would have to provide notice to these law librarians. Fed. R. Civ. P. 65(a).

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion for an Order Compelling Discovery (ECF No. 41) and Motion for Order on Defendants to Produce Information on Defendant Barron (ECF No. 45) are DENIED.

IT IS HEREBY RECOMMENDED that Plaintiff's Notice to the Court and/or in the Alternative Request for Preliminary Injunction (ECF No. 47) be DENIED WITHOUT PREJUDICE. Plaintiff has until April 29, 2019 to file an objection or notice to the Court that the parties have been unable to resolve the copying issue.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED AND RECOMMENDED.

DATED this 11th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE