# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Ernest Guardado,

    Plaintiff

v.

State of Nevada *ex rel*, et al.,

    Defendants

Case No.: 2:17-cv-01072-JAD-VCF

**Order Adopting Reports & Recommendations, Resolving Pending Motions, and Sending this Case Back to the Inmate Mediation Program**

[ECF Nos. 17, 18, 19, 33, 40, 46, 47, 51, 52, 54, 58, 60, 61]

    Pro se prisoner Ernest Guardado brings this civil-rights action to redress events that he claims occurred during his incarceration at Nevada's High Desert State Prison.[1] Guardado's complaint was screened under 28 U.S.C. § 1915A, and I found that he stated a colorable First Amendment retaliation claim against Defendants Guice and Byrant, and a colorable supervisory liability claim against Defendants Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson.[2] But I erroneously summarized that only the First Amendment retaliation claim could proceed. Guardado now moves for clarification and a host of other relief. I take this opportunity to consider all pending motions; correct the omission in my screening order that caused this case to proceed without Defendants Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson; and send this case back to the inmate-mediation program before it returns to the litigation track.

---

[1] ECF No. 6.

[2] ECF No. 5.

**A.     The magistrate judge's reports and recommendations**

Magistrate Judge Ferenbach has reviewed several of Guardado's pending motions and recommends[3] that I grant Guardado's motion for clarification/alternative motion for notice of service[4] along with his motion for a ruling on the motion for clarification.[5] But the magistrate judge recommends over two separate reports and recommendations[6] that I deny Guardado's requests for injunctive relief[7] and his motion to join this case with that of Guardado's cell mate, Curtis Brady.[8] The deadline for objections to those recommendations were April 16, 2019, and April 29, 2019, respectively, and no party has filed an objection to those rulings or moved to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[9] Accordingly, I adopt the magistrate judge's reports and recommendations in full, grant the motions for clarification and for ruling on the motion for clarification, vacate the erroneous portion of the screening order, deny all of Guardado's requests for injunctive relief, and deny his motion to join this case with Brady's.

**B.     Guardado's appeal of the magistrate judge's denial of his motion to compel**

The magistrate judge also denied Guardado's motion to compel better responses to his requests for production of documents.[10] The magistrate judge reasoned that the defendant's

---

[3] ECF No. 51 (report and recommendation).
[4] ECF No. 17.
[5] ECF No. 40.
[6] ECF Nos. 51 (regarding motions at 17, 18, 19, 33 & 40), 54 (regarding motions at 41, 45, 47).
[7] ECF Nos. 18, 19, 47.
[8] ECF Nos. 18, 19, 33.
[9] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
[10] ECF Nos. 51 (motion to compel); 54 (order).

objections to Guardado's discovery requests were timely and "Plaintiff's motion to compel [did] not address the substance of" those objections—he only challenged their timeliness.[11] Guardado challenges that ruling.[12] In urging reconsideration, he "incorporates his reply" in support of his motion to compel and the much more specific objections he raised in that reply.[13]

"A district judge may reconsider" a discovery ruling by a magistrate judge "when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."[14] Guardado has not made that showing here. The magistrate judge accurately summarized the position that Guardado advanced in his motion to compel: the defendants' objections were untimely. And it was not until the reply brief that Guardado first asserted additional bases to compel better responses. But that effort was too little, too late. Guardado's reply brief was a full week late, and he made no effort to seek an extension of his filing deadline.[15] The court didn't receive Guardado's reply brief until the day after the magistrate judge denied the motion to compel.[16] The tardiness of the reply brief alone supported the magistrate's disregard of it.

Even if the brief had been dispatched on time, the magistrate judge still would have been right to ignore the new points that Guardado raised in it. The Ninth Circuit has expressly

---

[11] ECF No. 54 at 2.

[12] ECF No. 60.

[13] *Id*. at 1; *see also* reply at ECF No. 55.

[14] L.R. IB 3-1(a); 28 U.S.C. § 636(b)(1)(A).

[15] The reply was due on April 3, 2019, but Guardado signed it on April 10th. *See* ECF No. 55.

[16] Although Guardado complains that it takes many days to receive court mail in his facility, he acknowledges that he did receive the defendants' opposition to his motion to compel on April 1, 2019. ECF No. 60 at 3. If Guardado needed more than the two days left to file his reply, the proper avenue for ensuring his brief would be considered was to file a motion to extend the reply deadline, not just to take an extra week without permission.

acknowledged that "[t]he district court need not consider arguments raised for the first time in a reply brief."[17] So Guardado has not shown that the magistrate judge's denial of his motion to compel was clearly erroneous or contrary to law. I thus deny Guardado's motion to reconsider it.

**C.     Guardado's motion for default judgment against Guice**

Guardado's last pending motion is his request for a default judgment against Defendant Guice. The Clerk entered default against Guice on March 21, 2019.[18] Guardado now moves the court to enter default judgment against Guice in the amount of $50,000 in "declaratory damages" plus $200,000 in punitive damages. He offers no argument in support of these sums, and he does not explain why a default judgment is proper using the factors developed by the Ninth Circuit in *Eitel v. McCool*.[19] The Attorney General's office now appears on behalf of Guice and opposes the motion. Counsel suggests that default may have been improperly entered against Guice but does not move to set aside the default.[20]

Guardado's motion must be denied—but not for the reasons Guice's counsel offers. First, Guardado's motion lacks the points and authorities necessary for this court to find that a default judgment against Guice is now warranted. Guardado is cautioned that, in the future, when moving for default judgment, he must cite to and analyze the seven factors outlined by the Ninth Circuit in *Eitel*.

But even if Guardado had prepared a properly supported motion for default judgment against Guice, I would deny it at this time under the *Frow* doctrine. This time-honored doctrine

---

[17] *Zamani v. Carnes*, 491 F.3d at 990, 997 (9th Cir. 2007) (citation omitted). Guardado is cautioned that he must raise all of his points in the motions he files because the court will disregard arguments raised for the first time in reply briefs.

[18] ECF Nos. 43 (motion for default); 44 (entry of default).

[19] ECF No. 52. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[20] ECF No. 59.

recognizes that, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[21] The Ninth Circuit extends this doctrine to cases in which the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[22]

Here, Guardado pleads his claims using a joint-liability theory. He alleges that Guice and Defendant Bryant jointly retaliated against him in violation of the First Amendment, and he has pled a supervisory liability claim against Defendants Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson for allegedly failing to protect him from Guice and Bryant's retaliatory actions.[23] The *Frow* doctrine thus cautions against entering a default judgment against Guice while his co-defendants actively defend this case, and Bryant has appeared and is actively defending this case. Accordingly, a default judgment against Guice would be premature because of the real risk of inconsistent decisions against similarly situated defendants, and I deny without prejudice Guardado's request to enter one. And because nothing that Guardado could provide in his reply brief would change my conclusion that this motion is premature based on the nature of the claims alleged, I also deny Guardado's request to extend time to file a reply brief.

I also caution Guice's counsel that Guice may not actively participate in this case because default has been entered against him. Counsel is flat wrong in stating that "because [counsel] is

---

[21] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[22] *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).

[23] *See* ECF No. 5.

now appearing on behalf of Defendant Guice by way of [his] Opposition" to the motion for default judgment, the court must deny the entry of default judgment "and decide this case on is merits."[24] Once the clerk has entered default, the defaulting defendant is "deemed to have admitted all well-pleaded factual allegations contained in the complaint[]."[25] So, before the claim against Guice may be decided on its merits, Guice must successfully move to set aside the entry of default.[26]

**D.     Brady's motion for service**

Finally, I dispose of a motion improperly filed in this case by Guardado's cellmate, Curtis Brady.[27] Brady is prosecuting his own action against Guice and others in this district in a separate case. In that case, he moved to have the U.S. Marshal serve documents on some of the defendants. For reasons unknown to this court, Brady also filed that motion in Guardado's case. Because that motion was already ruled upon in Brady's case and appears to have been improperly filed in this one, I deny it here.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED THAT:

- The Reports and Recommendations **[ECF Nos. 51, 54] are ADOPTED** in full;
- The Motion for Clarification and/or in the Alternative Motion for Notice of Service Motion to Amend Complaint **[ECF No. 17] is GRANTED**, and the Motion for Ruling on Motion for Clarification **[ECF No. 40] is GRANTED**. **The court hereby VACATES the portion of the screening order [ECF No. 5], page 13, lines 1-7, that**

---

[24] ECF No. 59 at 2.
[25] *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007)
[26] Fed. R. Civ. P. 55(c).
[27] ECF No. 46.

**erroneously states that this case proceeds on Guardado's First Amendment retaliation claim against only defendants Guice and Bryant and that all other claims against all other defendants are dismissed without prejudice.** In fact, this case proceeds on (1) Guardado's First Amendment retaliation claim against only defendants Guice and Bryant; and (2) Guardado's supervisory liability claim against Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson.

- The Requests for Injunctive Relief **[ECF Nos. 18, 19, 47] are DENIED**;

- Plaintiff's motion for joinder **[ECF No. 33] is DENIED**;

- Curtis Brady's Motion for Order of Service of Summons **[ECF No. 46] is DENIED** as having been filed in the wrong case;

- Plaintiff's motion for default judgment against Defendant Guice **[ECF No. 52] is DENIED** without prejudice to its refiling once the claims against the other defendants have resolved;

- Plaintiff's motion for reconsideration of the magistrate judge's order denying his motion to compel **[ECF No. 60] is DENIED;** and

- Plaintiff's motion to extend time to file a reply in support of the motion for default judgment **[ECF No. 61] is DENIED**.

IT IS FURTHER ORDERED that because the early inmate mediation that occurred in this case took place without defendants Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson, **this action is STAYED for 90 days** to allow the plaintiff and these additional defendants an opportunity to settle their dispute.[28] During this 90-day stay period, no other

---

[28] Settlement may or may not include payment of money damages. It also may or may not include an agreement to resolve plaintiff's issues differently. A compromise agreement is one in

7

pleadings or papers may be filed in this case, and the parties may not engage in any discovery. **I refer this case to the Court's Inmate Early Mediation Program and ask the magistrate judge to enter an order scheduling the mediation conference.**

Regardless, **on or before July 30, 2019**, the Office of the Attorney General must file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered before the end of the stay. If the parties proceed with this action, the Court will then issue an order setting a date for these additional defendants to file an answer or other response; the Court will then consider what additional discovery, if any, will be necessitated and may issue a new scheduling order. So, **IT IS FURTHER ORDERED that Guardado's motion to extend the discovery deadline [ECF No. 58] is DENIED** without prejudice to his ability to reurge his request after the 90-day stay is lifted.

If any party desires to have this case excluded from this second trip to the inmate mediation program, that party must file a "motion to exclude case from mediation" by May 22, 2019. The responding party will have seven days to file a response, and no reply may be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

IT IS FURTHER ORDERED that **the Attorney General's Office must advise the Court by May 22, 2019, whether it will enter a limited notice of appearance on behalf of**

. . .

---

which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

**defendants Neven, Williams, Tristan, Dzurenda, Filson, Plumlee, and Thompson** for the purpose of settlement. The filing of the limited notice of appearance will not constitute waiver of any defense or objection.

Dated: May 1, 2019

_____
U.S. District Judge Jennifer A. Dorsey